**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
_____Gainesville_____ **DIVISION**

# EMPLOYMENT DISCRIMINATION COMPLAINT FORM

**TO BE USED BY PRO SE LITIGANTS IN ACTIONS
FILED UNDER 42 U.S.C. § 2000e, et seq., (Title VII of the Civil Rights Act)
29 U.S.C. § 621, et seq., (Age Discrimination in Employment Act)
OR 42 U.S.C. § 12112, et seq., (Americans with Disabilities Act)**

_____Brandon R. Smith_____,

(Name of Plaintiff)

vs.

CASE NO: 1-14-CV-128-MW-GRJ
(To be assigned by Clerk)

_____The Collier Companies_____,
_____.

(Name of Defendant which should generally be the name of the Employer.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Filed 0714'14 UsDcFln1PM0247

### I. PARTIES:

#### A. PLAINTIFF:

State your <u>full name</u>, full mailing address, and phone number:

Name of Plaintiff: Brandon R. Smith

Mailing address: 2228 SE 30th Street,

Gainesville, Florida 32641

Phone # ( 786 ) 390-5018

#### B. DEFENDANT(S):

State the <u>name</u> of the Defendant in the first line (place where you were employed or sought employment) and mailing address.

Defendant's name: The Collier Companies

Mailing address: 220 North Main Street,

Gainesville, Florida 32601

**PLEASE CONTINUE ANSWERING ALL QUESTIONS ON THE FOLLOWING PAGES**

## II. FACTUAL BACKGROUND:

1. Defendant Employer is: _The Collier Companies_
2. Defendant's business is: _The Collier Companies_
   Business address - location of headquarters: _220 North Main Street, Gainesville, Florida 32601_

3. Plaintiff ☐ sought employment from Defendant on _May 7, 2013_
   or ☑ was employed by Defendant from _May 7, 2013_ until _June 5, 2013_.

4. The location where Plaintiff was employed or sought employment was:
   (street address) _2330 Southwest Williston Road_
   (city/county and state) _Gainesville/Alachua/Florida_

5. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission on: _June 14, 2013_.

6. The Respondent(s) named on the EEOC charging document: _Steve A. Miller_
   _____. (attach document).

7. Defendant discriminated against Plaintiff as described in Section III of this complaint on or about _5_ (day) _June_ (month), and _2013_ (year).

8. As claimed in the EEOC charging document, Defendant discriminated against Plaintiff because of Plaintiff's:   ☐ gender/sex _____ (please identify)
   ☑ race _(Black)_         ☐ color _____
   ☐ religion _____   ☐ national origin _____
   ☐ disability _____   ☐ age _Date of Birth is_ _____
   ☐ other (explain): _____

9. Defendant discriminated against Plaintiff when Defendant:
   ☐ failed to hire Plaintiff         ☑ terminated Plaintiff's employment
   ☐ failed to promote Plaintiff      ☐ retaliated against Plaintiff
   ☐ failed to accommodate Plaintiff's disability      ☑ unequal treatment
   ☑ other (explain): _When my background was a target disclosing a closed/dismissed case I was never convicted of after being hired._

10. The EEOC issued a Notice of Right to Sue which was dated: _July 9, 2014_ and which was received by Plaintiff on _July 11, 2014_.
    » »   The notice is attached to this complaint.   ☑ yes ☐ no   « «

11. Plaintiff also filed charges concerning this discrimination with the Florida Commission on Human Relations on: _____ or ☑ did not file.

3

**JURISDICTIONAL AND STATUTORY BASIS OF CLAIM:**

This action is brought for discrimination in employment pursuant to:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

*Note: To bring suit in federal court under any of the above Acts, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.

### III. STATEMENT OF FACTS:

Briefly state the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> *You must set forth separate factual allegations in separately numbered paragraphs.* Additional pages may be added to state the relevant facts if necessary. Absent extraordinary circumstances, no more than two (2) additional pages should be attached.

Plaintiff was hired by The Collier Companies as a housekeeper to work at one of the employers student apartment locations in Gainesville, FL on May 7, 2013. Brandon Smith was hired and offered a job position with The Polos Apartments. Once hired, Smith was sent out to obtain a drug screening within 24 hours by The Collier Companies property manager at the time named Travis; in which Smith passed the drug screening process. Once the Plaintiff received confirmation from The Collier Companies that he had passed the drug screening, that was when Travis notified Plaintiff that he'd be in touch with him within a few days to give him his schedule and starting date.

A few days turned into (28) days, nearly an entire month almost had lapsed. Finally Brandon Smith received a phone call from The Polos property manager Travis on June 5, 2013; In which the Plaintiff wasn't around to accept the phone call during the present time. So Travis left a detailed voice message on the Plaintiff's cellular phone, notifying him that he had just received the Plaintiff's letter via fax machine; and that he had just spoken with The Collier Companies Human Resource Department. And unfortunately due to Brandon Smith's background, The Collier Companies could not pursue further employment with the Plaintiff. The Collier Companies had terminated Brandon Smith's employment with the company merely because of his race (Black), and also a completely closed/dismissed cased in which the Plaintiff was never convicted of criminally. The Collier Companies obtained an illegal background check without the Plaintiff's acknowledgement and/or consent, and used that information against Smith as a Black individual when making further employment decisions; assuming he was a criminal.

## JURISDICTIONAL AND STATUTORY BASIS OF CLAIM:

This action is brought for discrimination in employment pursuant to:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

*Note: To bring suit in federal court under any of the above Acts, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.

## III.  STATEMENT OF FACTS:

Briefly state the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. *You must set forth separate factual allegations in separately numbered paragraphs.* Additional pages may be added to state the relevant facts if necessary. Absent extraordinary circumstances, no more than two (2) additional pages should be attached.

The Collier Companies violated the Equal Employment Opportunity federal laws & regulations guidelines. As the EEOC states clearly within the federal law, "the fact that an individual was arrested is not proof that he engaged in criminal conduct". Therefore, Brandon Smith's arrest record standing alone may not be used by The Collier Companies to take a negative employment action against the Plaintiff (e.g., not hiring, firing, or suspending an applicant or employee). The Plaintiff's background was used alone in determining his further employment with The Collier Companies when he was fired illegally because of his race (Black), due to his background check disclosing a closed/dismissed case.

In the State of Florida, under the Florida law and use of background checks & criminal history. The Collier Companies would have been legally presumed not to have been negligent in firing Brandon Smith and/or not hiring him if The Collier Companies would have conducted the alleged background check (before) hiring the Plaintiff. Instead The Collier Companies performed a background check without the consent or acknowledgment of the Plaintiff (after) he was hired to work for the company. Violating state laws as well, The Collier Companies fired Smith because of his race as (Black). Plaintiff was never notified that he was being terminated based off an alleged background check report contents; and The Collier Companies never gave the Plaintiff copies of such report to for his personal viewing. Plaintiff has been discriminated against by The Collier Companies because of his race (Black), in violation of Title VII of the Civil Rights Act of 1964.

When Travis (LNU) Manager stated within the voice message, that the Plaintiff was being terminated, and The Collier Companies could not pursue further employment due to his background check not being satisfactory; Smith was really devastated in disbelief. The Plaintiff Never gave his written consent to The Collier Companies to have a background check conducted; and as an individual of the (minority population) as a Black male. The Plaintiff was targeted merely because the Black population is more likely to be discriminated upon and targets of negative background checks; even when the there is no guilt and the criminal case was closed/dismissed without convictions. Blacks are always targets.

The Collier Companies did not comply with the Fair Credit Reporting Act (FCRA) when obtaining such unauthorized background check on Smith. When The Collier Companies allegedly obtained the Plaintiff's background check and criminal history from Consumer Reporting Agencies (CRA's); the employer must be in compliance with the Fair Credit Reporting Act. Under the FCRA The Collier Companies must obtain consent and permission from Smith before asking a CRA for his background information, give Smith copies of the report and summary of Plaintiff's rights under FCRA before taking any negative employment actions based on information in the report, and also The Collier Companies must send certain notices via mail if the employer decides to terminate, not hire, or promote the Plaintiff based on the information in the CRA report.

The Collier Companies never delivered and/or mailed the Plaintiff copies of the alleged background check allegedly ordered from a third party Consumer Reporting Agency. The Collier Companies never gave the Plaintiff a summary of his lawful rights under the Fair Credit Reporting Act before taking the negative adverse employment actions against Smith; and terminating his position based merely on a dismissed criminal case that was closed, and no convictions were ever obtained. The Collier Companies never sent the Plaintiff any proper notices based on the information from the alleged anonymous background check under the CRA report & FCRA when The Collier Companies HR Department not to pursue further employment; and terminate the Plaintiff's position with the employer. The Plaintiff is entitled to under the FCRA, to copies of any background checks & consumer reports ordered.

The Plaintiff is Black, and he was terminated and discriminated against by The Collier Companies because of his race as a (Black) individual. As an African American, The Collier Companies used illegal practices when the employer screened Smith based solely on his background. When the termination of the Plaintiff's employment due to a closed/dismissed criminal case, did not help the employer accurately decide if Smith was likely to be responsible, reliable, or a safe employee as an African American with past criminal history; and a closed cased.

12. The facts as set forth above in Section III of this complaint:
    ☐ are still being committed by Defendant against Plaintiff
    ☒ are no longer being committed by Defendant against Plaintiff
13. Plaintiff: ☐ still works for Defendant ☒ no longer works for Defendant, or not hired.

5

14. If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation?   ☐ yes   ☒ no   Explain: _____

## IV. REQUEST FOR RELIEF:

As relief from the allegations of discrimination as stated above, Plaintiff prays that the Court grant the following relief to Plaintiff:

☐ Defendant be directed to employ Plaintiff
☒ Defendant be directed to re-employ Plaintiff
☐ Defendant be directed to promote Plaintiff
☒ Defendant be directed to <u>Properly train hiring staff, and update the company policies regarding discrimination.</u>

As additional relief to make Plaintiff whole, Plaintiff seeks: <u>Awarded damages for front pay, back pay, compensatory damages (for pain & suffering and emotional distress), and punitive damages (to punish the employer for wrongdoing). Plaintiff prays that the Court Grants the awarded damages for which Plaintiff is suing in a total sum of $300,000.00</u>

☒ Injunctive relief (please explain): <u>Require employer to reinstate Plaintiff, and stop using discriminatory criteria when hiring.</u>
☒ monetary damages (please explain): <u>Compensatory & Punitive damages to penalize and/or punish for the wrongful acts.</u>
☐ costs and fees involved in litigating this case.
and such other relief as may be appropriate, including attorney's fees, if applicable.

Plaintiff seeks a ☒ jury trial   ☐ bench trial (without jury)

**I, hereby, declare under penalty of perjury that the foregoing statements have been written by me and are true and correct.**

July 14, 2014
(Date)

_(Signature of Plaintiff)_

Brandon R. Smith
(please print or type name legibly)

2228 SE 30th Street,

Gainesville, FL 32641

(full mailing address)

Revised 08/2005

6

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Brandon R. Smith<br>304 NE 42nd Place<br>Apt B<br>Gainesville, FL 32609 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2013-02039 | DAVID MILLER,<br>Investigator | (305) 808-1831 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Malcolm S. Medley,
District Director

JUL 0 9 2014
(Date Mailed)

Enclosures(s)

cc: **Respondent's Representative**
**The Collier Companies**
c/o Steve A. Miller
Fisher & Phillips LLP, suite 3450
Chicago, IL 60606

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 511-2013-02039 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Brandon R. Smith | (352) 213-9027 | 12-10-1986 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2228 S. E. 30th Street, Gainesville, FL 32641 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| THE COLLIER COMPANIES | 500 or More | (352) 375-2152 |

| Street Address | City, State and ZIP Code |
|---|---|
| 220 North Main Street, Gainesville, FL 32601 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-05-2013   Latest: 06-05-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am Black. I have been terminated because of my race (Black).

I was hired by The Collier Companies on May 7, 2013 in Housekeeping. On June 5, 2013, I was terminated by Travis (LNU), Manager. He stated that I was being terminated due to my background check not being satisfactory. I never gave my consent to The Collier Companies to have a background check conducted. I believe that I am being discriminated against as the Black population is more likely to be a target of background checks.

I believe that I have been discriminated against because of my race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |
| Date          Charging Party Signature | |